UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MARKUS CRAWFORD,
    Plaintiff,

vs.                                                                             03-1350

DONALD SNYDER, et al.,
    Defendants.

## ORDER

This cause is before the court for case management and consideration of the defendants' motion for summary judgement [d/e 55]; plaintiff's motion for judgement on the pleadings [d/e 62].; plaintiff's amended motion to compel discovery [d/e 66]; plaintiff's motion to reopen discovery [d/e 67] and plaintiff's motion to delay ruling on the defendants' motion for summary judgement. [d/e 69].

On March 16, 2005, the court denied the defendants' motions to dismiss the complaint and conducted a merit review of the plaintiff's claims. *See* March 16, 2005 Court Order. The court found that the plaintiff had stated one claim: that Defendants Andrew Wilson, Jonathan Walls and Eva Moore retaliated against him in violation of his First Amendment rights.

The plaintiff had received a disciplinary ticket after he says the defendants told him he was in the shower for too long. He was charged with violating the rules, unauthorized movement and disobeying a direct order. The ticket was set for review at a disciplinary hearing.

The plaintiff claimed that Defendant Moore threatened to retaliate against the plaintiff if he persisted in his desire to call witnesses at the disciplinary hearing. The witnesses had not been interviewed which meant the defendants would have to cancel the hearing and then reschedule. Defendant Moore told the plaitniff that four other inmates with the same ticket had received one month of "c" grade status and one month loss of commissary. However, Moore told the plaintiff if he made the committee reschedule and interview witnesses, the plaintiff would also receive segregation time. The plaintiff says he told the other defendants about this threat, but nothing was done. The plaintiff still wanted his witnesses interviewed. At the disciplinary, plaintiff received 90 days "c" grade, 90 days loss of commissary and 90 days in punitive segregation.

## MOTION FOR JUDGEMENT ON PLEADINGS

The plaintiff has filed a document entitled "Motion for Judgement on the Pleadings" and he has attached some of this discovery requests. The plaintiff is apparently asking the court to revise some of the dates in these discovery requests. This is not a proper motion and is denied.

DISCOVERY

The plaintiff has filed an amended motion to compel discovery. [d/e 66]. The plaintiff claims the defendants have failed to respond to his discovery requests. The defendants claim they have responded to the plaintiff's relevant discovery requests and have provided a copy of their responses.

Many of the plaintiff's requests are overbroad and not relevant to his surviving claim. However, the plaintiff's first request is for a copy of all disciplinary tickets written against inmates in "North II Seg. Building" during the month of June dealing with the showers. The defendants object that this request is irrelevant and over burdensome. The court disagrees.

The very basis of the plaintiff's retaliation claim is that Defendant Moore threatened him with harsher discipline than other inmates accused of the same violation if he persisted in his demand for witnesses. How can the plaintiff prove his case without relevant documents to show that his discipline was harsher than other inmates accused of the same offense? His discovery request is clearly relevant.

Therefore, the court will grant the plaintiff's amended motion to compel and plaintiff's motion to reopen discovery. The defendants motion for summary judgement is denied with leave to re-file after the proper discovery has been provided in this case.

The plaintiff received his disciplinary ticket on May 29, 2002. The defendants are to provide copies of any Final Summary Reports from the Adjustment Committee dealing with in inmate's use of the shower for the North II Seg. Building from March 1, 2002 to June 30, 2002. The defendants may redact inmate names and numbers. For each report, the defendants must provide the specific rule violations, whether witnesses were called, the final discipline and whether Defendant Moore was on the committee. If this information is included in the Final Summary Report, no other documentation is necessary. This information must be provided to the plaintiff on or before Friday, April 14, 2006.

**IT IS THEREFORE ORDERED that:**

**1) Plaintiff's confused motion for judgement on the pleadings is denied. [d/e 62]**

**2) Plaintiff's amended motion to compel [d/e 66] and motion to re-open discovery [d/e 67] are granted.**

**3) Defendants' motion for summary judgement is denied with leave to re-file after the close of the new discovery period. [d/e 55]**

**4) Plaintiff's motion to delay ruling on the defendants motion for summary judgement is denied as moot. [d/e 69]**

    **5) The court will abide by the following scheduling deadlines:**
       **a) The defendants must provide the discovery specified in this order to the plaintiff on or before April 14, 2006.**
       **b) If the plaintiff does not receive the proper responses, he must file a motion to compel prior to April 28, 2006.**
       **c) Any dispositive motions must be filed on or before May 5, 2006.**

Enter this 22nd day of March, 2006.

                    s\Harold A. Baker
              _____
                    HAROLD A. BAKER
               UNITED STATES DISTRICT JUDGE