UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MARKUS CRAWFORD,
    Plaintiff,

vs.                                  03-1350

DONALD SNYDER, et. al.,
    Defendants.

**ORDER**

This cause is before the court for consideration of the defendant's motion for summary judgement. [d/e 78]

The plaintiff, Markus Crawford, originally brought this action pursuant to 42 U.S.C. §1983 alleging that officials at the Pontiac Correctional Center violated his constitutional rights. On March 16, 2005, the court found that the plaintiff had one surviving claim: that Defendants Andrew Wilson, Jonathan Walls and Eva Moore retaliated against the plaintiff in violation of his First Amendment rights. The claim is against the defendants in their individual capacities only.

## I. FACTS

The following facts are taken from the motion for summary judgement and the plaintiff's response. On May 29, 2002, the plaintiff received a disciplinary ticket based on the length of time he spent in the shower. The ticket accused the plaintiff of violating three rules: 1) #401, Violation of Rules; 2) #307, Unauthorized Movement; and 3) #403 Disobeying a Direct Order.

The plaintiff says he signed the ticket and listed his witnesses. On June 4, 2002, the plaintiff appeared before the Adjustment Committee. Defendant Andrew Wilson conducted the hearing. However, the hearing was continued so the plaintiff's witnesses could be interviewed.

The plaintiff claims Officer Wilson told the plaintiff that several other inmates had received the same ticket and had received one month of "c" grade status and a one month loss of commissary privileges. The plaintiff claims Wilson threatened the plaintiff and told him if the committee had to interview his witnesses, segregation time would be added to the plaintiff's punishment.

The hearing was continued and some witnesses were interviewed. The plaintiff filed a grievance on June 5, 2002 concerning both the disciplinary ticket and the Adjustment Committee hearing. (Plain. Memo, Ex A-3) The grievance claims that Officer Wilson threatened to impose segregation time if the plaintiff persisted in calling his witnesses. The plaintiff says he sent his emergency grievance to Defendant Walls and sent a letter to Defendant Moore. The plaintiff says he did not receive a response from either defendant.

Attached to the plaintiff's complaint is a June 13, 2002 memo from Defendant Warden

Walls which states that the plaintiff's grievance does not qualify as an emergency and he should resubmit it to the grievance office. It is not clear, but it appears a designee may have signed the memo on behalf of the warden.

The plaintiff has also submitted a letter that he says he sent to Defendant Moore on June 5, 2002. The plaintiff never received a response.

On June 14, 2002, the second Adjustment Committee hearing was held. This time Officer Wilson was not involved in the hearing. Officers Robert Briggs and Robert Dixon conducted the hearing. The plaintiff was found guilty of Unauthorized Movement and Disobeying a Direct Order. He received three months of "c" grade status, three months of segregation and three months loss of commissary privileges.

Officer Wilson says he did not "communicate with or influence Biggs or Dixon regarding the discipline imposed on Plaintiff." (Def. Memo, Ex.1). Officers Biggs and Dixon confirm Wilson's claim and say there were not aware of any claimed threats made by Officer Wilson to the plaintiff. (Def. Memo, Ex 2, 3). The Adjustment Committee Final Summary Report states that the basis for the committee's decision was the plaintiff's partial admission that he was in the shower for 30 minutes, an officer's confirmation that the plaintiff was in shower for 40 minutes and the plaintiff's refusal to abide by the 15 minute deadline. (Def. Memo, Ex A)

The plaintiff has provided the Final Summary Reports for three other inmates who also received tickets based on staying in the shower too long. The disciplinary tickets were issued on May 29, 2002; May 30, 2002 and June 10, 2002. The subsequent Adjustment Committee hearings were held on June 4, 2002 and June 13, 2002. Officer Wilson sat on the two Adjustment Committee hearings held on June 4, 2002. In both of these cases, the inmate was found guilty and received one month "c"grade status and one month loss of commissary. No witnesses were requested by the inmate. In the final hearing on June 13, 2002, the inmate also did not request witnesses and received the same one month disciplinary measures.

### III. LEGAL STANDARD

The entry of summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56( c). A "material fact" is one that "might affect the outcome of the suit." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the nonmoving party. Id.

A party moving for summary judgment initially has the burden of showing the absence of any genuine dispute of material fact based on the evidence. Adickes v. S.H. Kress & Co., 398 U.S. 144, 153 (1970); Schroeder v. Barth, Inc., 969 F.2d 421, 423 (7th Cir. 1992). A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position. Tolle v. Carroll Touch, Inc., 23 F.3d 174, 178 (7th Cir. 1994). The evidence and all reasonable inferences drawn therefrom are viewed in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255. Nonetheless, "(s)ummary judgement is not a

discretionary remedy. If the plaintiff lacks enough evidence, summary judgement must be granted." Jones v. Johnson, 26 F.3d 727, 728 (7th Cir. 1994).

## IV. ANALYSIS

The defendants argue that the plaintiff has failed to present any evidence that the defendants retaliated against him. A prison official who takes action in retaliation for a prisoner's exercise of a constitutional right may be liable to the prisoner for damages. Babcock v. White, 102 F.3d 267, 275 (7th Cir. 1996). Although it is easy to state a retaliation claim, the burden of proving the claim is heavy. Babcock, 102 F.3d at 275; *see also* Cole v Litscher, 2005 WL 627791 (W.D. Wis. March 15, 2005). A prisoner must prove that his constitutionally protected conduct was a substantial or motivating factor in a defendant's actions. Spiegla v. Hull, 371 F.3d 928, 942-43 (7th Cir. 2004). Once the plaintiff proves that an improper purpose was a motivating factor, the burden shifts to the defendant to prove by a preponderance of the evidence that the same actions would have occurred in the absence of the protected conduct. Id. at 943.

The plaintiff alleges that Officer Wilson retaliated against him because he persisted in calling witnesses for his disciplinary ticket. He further states that he told Defendants Walls and Wilson about Wilson's threats, but they took no action. The plaintiff has failed to present evidence that Defendant Wilson retaliated against him. The plaintiff alleges that Wilson threatened him, but the hearing was continued so the plaintiff's witnesses could be interviewed. The witnesses were interviewed. More importantly, there is no evidence before the court that Wilson was involved in the second disciplinary hearing. Therefore, Wilson was not involved in the decision of whether the plaintiff was guilty and was not involved in the decision of what discipline to impose.

The plaintiff did receive more discipline than the other three inmates with similar tickets. It is unfortunate that the defendants did not provide any further details about the reasons for the discipline imposed. It is not clear if the plaintiff has a more serious disciplinary history than the other inmates. Regardless, there is no evidence that Wilson or the other two named defendants imposed the harsher disciplinary measures on the plaintiff or were involved in any way with the decision of what discipline was appropriate.

In addition, there is no evidence that the two individuals who did impose the discipline, Officers Biggs and Dixon, knew about Wilson's alleged threat. Lastly, since there is no evidence that Wilson retaliated against the plaintiff, there was no reason for Defendants Walls or Moore to intervene. Further, there is little evidence that Walls or Moore even knew about the plaintiff's concerns. It is not clear that Moore ever received the plaintiff's letter. If Warden Walls received the plaintiff's grievance, it was not processed because it was not considered an emergency grievance. The motion for summary judgement is granted.

**IT IS THEREFORE ORDERED that:**

**1) The defendant's motion for summary judgement is granted pursuant to Fed. R. Civ. P. 56. [d/e 78] The Clerk of the Court is directed to enter judgment in favor of the defendants in accordance with this order. The parties are to bear their own**

costs. This case is terminated.

**2) The agency having custody of the plaintiff is directed to remit the docketing fee of $150.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $150.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $150.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $150.00.**

**3) The plaintiff is responsible for ensuring the $150.00 filing fee is paid to the clerk of the court even though his case has been dismissed. Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**

**4) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Enter this 15th day of November, 2006.

                                               s/Harold A. Baker
                     _____
                                             HAROLD A. BAKER
                                  UNITED STATES DISTRICT JUDGE